

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 25, 1964

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas 78711

Opinion No. C-275

Re: Questions relating to
the State Board of
Education's authorization
for the creation of a
county junior college
district, and the com-
missioners court's au-
thority to order elec-
tions thereunder.

Dear Mr. Edgar:

In your letter of June 5, 1964, you requested our opinion on two questions which are as follows:

"(1)  Where a first election has been called and failed for the creation of a county junior college district pursuant to State Board authorization granted in 1958, does a Commissioners Court have authority to call a second or subsequent election in 1964 or thereafter?

"(2)  Does a Commissioners Court have authority under Section 19 of Article 2815h (where a first election authorized, properly ordered and held failed) to order a second or subsequent elections; and if so, legally must such election(s) be held within 12 months after the State Board of Education's initial author-ization therefor?"

You state that authorization was obtained from the State Board of Education on March 3, 1958, which authorized the calling of an election toward the establishment of a Galveston County Junior College District.  In March or April of 1958 the election was held in Galveston County for the creation of a county junior college district but failed to carry.  It appears now that

interested citizens from Galveston County plan to ask the Galveston County Commissioners Court to call an election for the creation of a county junior college district, based on the authorization granted by the Board in 1958.

You further state that in September of 1963 the State Board of Education adopted the policy that authorization for the creation of a junior college district, if deemed desirable, will be based on the following conditions: (1) the authorization will expire 12 months after the date of authorization if no election has been conducted for the purpose of creating the college, and (2) if the original election to create a junior college district fails to carry, successive elections may be conducted provided that such elections are conducted within the 12 month period.

To answer your first question, we must look to the provisions of Article 2815h, Sections 18 and 19 of the Revised Civil Statutes. Section 18 provides in part that:

"Whenever it is proposed to establish a Union Junior College District, or a County Junior College District, as above provided, a petition praying for an election therefor, signed by not fewer than ten percent of the qualified taxpaying voters of the proposed territory, shall be presented to . . .the Commissioners Court or Commissioners Courts of the county or counties involved . . . It shall thereupon become the duty of the . . .Commissioners Court or courts, so petitioned to pass upon the legality of the petition. . .It shall then be the duty of the . . .Commissioners Court or courts, as the case may be, to forward the petition to the State Board of Education."

Section 19 provides that if the State Board of Education approves the establishment of the junior college district:

". . .it shall then be the duty of the Commissioners Court or courts, as the case may be, to enter an order for an election to be held in the proposed territory within a time of not less than twenty days and not more than thirty days after such order is issued to determine whether or not such Junior College District shall be created and formed. . . ."

The language of Sections 18 and 19 indicates that a petition signed by at least ten percent of the qualified taxpaying

voters of the proposed territory must first be presented. This petition prays for "an election" in Section 18; and under Section 19 if the petition is approved by the State Board of Education, then the Commissioners Court has the duty to order "an election" to be held in the proposed territory within a time of not less than twenty days and not more than thirty days after such order is issued. A majority vote of the qualified voters, voting in "said election," determines the question of whether to establish a junior college district.

Thus, we see that Article 2815h is clear in stating that a petition prays for an election. Based upon such petition the "further procedure" authorized by the State Board of Education is the ordering of an election by the Commissioners Court. Nowhere in this statute is it stated that a petition shall be the basis for more than one election. Rather, the initiating petition and the resulting Board authorization give the Commissioners Court the authority to order only one election for the creation of a County Junior College District.

Therefore, we answer your first question in the negative. The Commissioners Court will have authority to call an election in 1964 only after new authorization has been obtained from the State Board of Education under Article 2815h.

It follows that your second question must also be answered in the negative. That is, where a first election has been authorized, properly ordered, and failed, a Commissioners Court does not have authority under Article 2815h, Section 19 to order a subsequent election under this initial authorization.

### S U M M A R Y

Where an election for the creation of a county junior college district has been called by a Commissioners Court pursuant to State Board of Education authorization granted in 1958, and such election failed to carry, the commissioners court does not have authority to call a subsequent election based on this initial authorization obtained in 1958.

Where a first election has been authorized, properly ordered, and failed, a commissioners court does not have authority under Article 2815h, Section 19, to order a subsequent election under this initial authorization.

Very truly yours,

WAGGONER CARR
Attorney General

By: E. Lawrence Merriman
Assistant

ELM:sj:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Ed Bolding
Jerry Brock
Edward Moffett
Milton Richardson

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone